

DEC 19 2012



BMB: USAO# 2012-R-00850

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. GLR-12-0662 |
| | * | |
| CHICO SELLERS | * | (Distribution and Possession with Intent to Distribute Cocaine Base, 21 U.S.C. § 841(a)(1); Assaulting, Resisting or Impeding a Federal Officer, 18 U.S.C. § 111) |
| Defendant | * | |

*******

## INDICTMENT

### COUNT ONE

The Grand Jury for the District of Maryland charges that:

On or about November 7, 2012, in the District of Maryland, the defendant,

### CHICO SELLERS

did knowingly and intentionally distribute, and possess with intent to distribute, 28 grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1)

## COUNT TWO

The Grand Jury for the District of Maryland charges that:

On or about November 21, 2012, in the District of Maryland, the defendant,

## CHICO SELLERS

did knowingly and intentionally distribute, and possess with intent to distribute, 28 grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1)

## COUNT THREE

The Grand Jury for the District of Maryland charges that:

On or about November 30, 2012, in the District of Maryland, the defendant,

## CHICO SELLERS

did knowingly and intentionally possess with intent to distribute 28 grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1)

## COUNT FOUR

The Grand Jury for the District of Maryland charges that:

On or about November 30, 2012, in the District of Maryland, the defendant,

## CHICO SELLERS

did forcibly assault, resist, oppose, impede, and interfere with persons designated as an officer and employee of an agency of the United States, on account of and while those persons were engaged in the performance of official duties, which acts involved physical contact with the victims, to wit: engaging in a physical altercation with Task Force Officers Keith Sokolowski and Corey Landing of the Drug Enforcement Administration.

18 U.S.C. § 111

## FORFEITURE

The Grand Jury further finds that:

1. Pursuant to Title 21, United States Code, Section 853(a), upon conviction of an offense in violation of the Controlled Substances Act, as alleged in Count(s) One - Three, the defendant shall forfeit to the United States of America:

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation; and

   b. any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

2. The property to be forfeited includes, but is not limited to, the following:

   A sum of money equal to the value of the proceeds of any offense for which the defendant is convicted, which amount is at least $3900; including $300 seized from the defendant's residence (DEA Exhibit # N-26).

3. If any of the property described above, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

21 U.S.C. § 853; 28 U.S.C. § 2461(c); F.R.Crim.P. 32.2(a),

*Rod Rosenstein /RMB*
Rod J. Rosenstein
United States Attorney

A TRUE BILL

**SIGNATURE REDACTED**

Foreperson

Date: 12-19-12